PS 8 Revised 07
MD/TN Revised 04/12

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. Jeffrey Andrew Johnson          Docket No. 0650 3:12CR00076 - 5

### Petition for Action on Conditions of Pretrial Release

COMES NOW Dariel S Blackledge-White, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant Jeffrey Andrew Johnson who was placed under pretrial release supervision by the Honorable Juliet E. Griffin sitting in the Court at **Nashville, Tennessee**, on June 22, 2012, under the following conditions: Please reference the attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page two of this document.

I declare under penalty of perjury that the foregoing is true and correct.

| Dariel S Blackledge-White | Nashville, TN | February 19, 2013 |
|---|---|---|
| U.S. Pretrial Services Officer | Place: | Date: |

Next Scheduled Court Event: **Pretrial Status Conference** — April 05, 2013

## PETITIONING THE COURT

- ☒ No Action
- ☐ To Issue a Warrant
- ☐ To issue an order setting a hearing on the petition
- ☐ Other

## THE COURT ORDERS:

- ☒ No Action
- ☐ The Issuance of a Warrant.
  - ☐ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshals only)
- ☐ Other
- ☐ A Hearing on the Petition is set for _____ Date _____ Time

Considered and ordered this 19th day of February, 2013, and ordered filed and made a part of the records in the above case. The Court notes that the pretrial conference is now scheduled on 4-3-13 at 9:00 Am.

Honorable Juliet E. Griffin
U. S. Magistrate Judge

Honorable Juliet E. Griffin
Petition for Action on
Johnson, Jeffrey
Case No. 3:12-CR-00076-5
February 14, 2013

On June 21, 2012, the above referenced defendant was arrested in the Middle District of Tennessee, on a three-count Superseding Indictment which charged him with the following count, to wit: Count One, Conspiracy to Distribute and Dispense Controlled Substances Not for a Legitimate Medical Purpose and Not in Usual Course of Professional Medical Practice, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On June 22, 2012, the defendant appeared before Your Honor for an Initial Appearance. The Government sought detention, and proof was presented from both parties. The Court determined there were conditions that would allow for the defendant's release and thus, Mr. Johnson was ordered released on a personal recognizance bond with pretrial supervision.

**Special Conditions of Release:**

Please reference the attached Order Setting Conditions of Release.

**VIOLATION(S):**

**Violation No. 1: Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner; defendant shall notify Pretrial Services of any medication prescribed by a physician.**

On June 27, 2012, the defendant tested positive for the use of and submitted a urine screen that was positive for benzodiazepines. He admitted he last consumed narcotic pills on approximately June 16, 2012.

**Violation No. 2: Defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed appropriate by the Pretrial Services Officer, any inpatient treatment may be followed by up to 90 days in a halfway house.**

On November 27, 2012, and January 7, 2013, Mr. Johnson failed to attend his substance abuse counseling appointment as scheduled. As of this date, he has not rescheduled his appointments.

**Violation No. 3: Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.**

On June 26, 2012, the defendant reported to the U.S. Probation and Pretrial Services Office for his initial intake. He submitted a urine screen that was too diluted to accurately test.

Mr. Johnson again submitted a diluted urine specimen on February 5, 2013.

Honorable Juliet E. Griffin
Petition for Action on
Johnson, Jeffrey
Case No. 3:12-CR-00076-5
February 14, 2013

**Current Status of Case:**

A pretrial status conference is scheduled for April 5, 2013.

**Probation Officer Action:**

Subsequent to the defendant's submission of a diluted urine screen on June 26, 2012, he was instructed to return to the office on the next morning to submit a urine screen. On June 27, 2012, Mr. Johnson was placed in Phase I of the U.S. Probation Office's Code-a-Phone program, a program whereby defendants call daily to ascertain whether they need to report to the U.S. Probation and Pretrial Services Office to submit a urine screen. Additionally, Mr. Johnson was referred to The Guidance Center, located in Murfreesboro, Tennessee, for a substance abuse evaluation. He was informed he is required to follow any recommendations deemed appropriate by the case manager. The defendant was cautioned against using illegal substances and advised that the Court would be notified of any positive urine screens.

On September 13, 2012, the defendant completed the substance abuse evaluation, and it was recommended that he participate in individual substance abuse counseling.

On December 31, 2012, the Guidance Center closed its Murfreesboro, Tennessee, location. The defendant was instructed to report to the Guidance Center located in Smyrna, Tennessee, for his drug treatment and urine screens.

On January 10, 2013, the defendant expressed concern over having to travel to Smyrna, Tennessee, for urine screens and counseling. Specifically, he advised the location was a considerable distance from his house, and he advised that traveling to Smyrna for his drug screens impeded his ability to work full-time. Mr. Johnson informed he participates in random drug screens and substance abuse counseling as a condition of his state probation supervision. He requested that the pretrial services conditions be suspended and indicated his state probation officer would be willing to monitor his compliance with regards to urine screens and substance abuse counseling. He advised his state probation officer would be willing to report his progress to the supervising Pretrial Services Officer.

After consultation with Supervisory U.S. Probation Officer W. Burton Putman, it was determined that the defendant would remain subject to the drug screens and substance abuse counseling program as instructed by our office. However, it was decided that the defendant could travel to a contract drug treatment facility in Cookeville, Tennessee, for urine screens and treatment as opposed to reporting to the Smyrna, Tennessee, location that he is assigned to.

On January 28, 2013, this officer contacted the defendant's wife and codefendant, Ashley Johnson. I advised that Mr. Johnson could opt to transfer his treatment and urine screens to a contract treatment provider in Cookeville, Tennessee. She reported the Smyrna, Tennessee, location was closer to their residence, and she indicated Mr. Johnson would continue to report for services there.

3

Honorable Juliet E. Griffin
Petition for Action on
Johnson, Jeffrey
Case No. 3:12-CR-00076-5
February 14, 2013

**Respectfully Petitioning the Court as Follows**:

As the defendant has complied with the conditions of his supervision except his failures to attend substance abuse treatment on two occasions and submission of two diluted urine screens (one of which was at the beginning of his supervision), it is recommended that the Court take no action at this time. The defendant has been advised that any further violations of his bond conditions could result in the Court's issuance of an Order setting a hearing on this Petition for Action. Assistant United States Attorney Brent Hannafan has been advised of the violation.

Approved:

_____
William Burton Putman
Supervisory U.S. Probation Officer

xc: Brent Hannafan, Assistant U.S. Attorney
William Shockley, Defense Counsel